O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. CR 08-00326 (A) DDP |
|---|---|---|
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S EX PARTE APPLICATION** |
| v. | ) | [Application Filed on July 13, 2010] |
| DREW SAVITCH LEVIN, | ) | |
| Defendant. | ) | |

This matter comes before the Court on an Ex Parte Application to Postpone Depositions Due to Inadequate Notice filed by the defendant Drew Savitch Levin ("Defendant"). For the reasons set forth below, the Court DENIES the application.

**I.   BACKGROUND**

On December 11, 2009, the Government filed a motion, seeking to take depositions of foreign witnesses pursuant to Federal Rule of Criminal Procedure 15(a). Specifically, the Government sought to depose eleven witnesses in England, one witness in Canada, and one witness in Austria. Among the witnesses in England were Giovanna (Nahmad) Popeck, Peter Baker, and Elizabeth Knights. On January 13, 2010, the Court granted the Government's motion.

The Government provided written notice to Defendant on

February 3, 2010, that it intended to depose witness John Clutten in London on March 12, 2010. On February 5, 2010, the Government provided written notice that it intended to depose witnesses Richard Jones, Paul Shields, and David Lawley in London between March 9 and March 11, 2010. On February 23, 2010, the Government provided written notice that it intended to depose witnesses Richard Cast and Richard Jones in London on March 10, 2010, as well as John Hickey in Bristol, England, on March 11, 2010.

The Court held a hearing on Defendant's request to continue the trial date and depositions on March 1, 2010. At Defendant's request, the Court continued the London depositions noticed by the Government as well as the trial date. Following the hearing, on March 8, 2010, the Government provided written notice of its intent to depose Lawley, Jones, and Cast in London between April 29, 2010, and April 30, 2010. The Government later cancelled those depositions and re-noticed them for the week of June 21, 2010. On June 11, 2010, the Government filed an Ex Parte Application, seeking to "substitute" witness Keith Mason for witness Cast during the upcoming London depositions. Defendant objected that the Government had provided insufficient notice of the deposition, and the Court denied the Government's application following a hearing on June 15, 2010. The remaining depositions proceeded in London during the week of June 21, 2010.

On July 1, 2010, the Government provided written notice to Defendant that it intended to depose both Cast and Mason on July 22, 2010. Defendant and his counsel planned to depart for London on July 19, 2010. Ten days prior to their scheduled departure date, on July 9, 2010, the Government noticed the depositions of

2

Elizabeth Knights and Giovanna (Nahmed) Popock for July 23, 2010. (Umhofer Decl. Ex. 6.)  The notice also indicated that the Government might seek to depose Peter Baker on July 21, 2010. Defendant's counsel responded to the Government's notice, stating that "[w]e just can't be ready for two additional witnesses like these with less than two week's notice.  We can probably manage one more, but we'd have to object to the last minute addition of Baker. We'd propose continuing the London depos if you're going to be adding in Baker." (Umhofer Decl. Ex. 7.)  On July 13, 2010, the Government provided notice that Baker would indeed be deposed on July 21, 2010.  (Umhofer Decl. Ex. 8.)

On July 13, 2010, Defendant filed this Ex Parte Application, seeking to postpone the depositions of Knights, Popock, and Baker, on the grounds that the Government has provided insufficient notice pursuant to Federal Rule of Criminal Procedure 15(b).

**II.  LEGAL STANDARD**

Federal Rule of Criminal Procedure 15(a) provides that, on a motion by a party, the court may order that a witness's testimony be taken by deposition and preserved for trial "because of exceptional circumstances and in the interest of justice."  Fed. R. Crim. P. 15(a).

Further, "Rule 15(b) contains additional provisions concerning the right of the defendant to notice of, and to be present at, the deposition." United States v. Cord, 458 F. Supp. 1207, 1208 (D.C. Ill. 1978).  Pursuant to Rule 15(b), the party seeking the deposition "must give every other party reasonable written notice of the deposition's date and location.  The notice must state the name and address of each deponent."  Fed. R. Crim. P. 15(b).  "If

3

requested by a party receiving the notice, the court may, for good cause, change the deposition's date or location." Id.

The advisory committee notes to Rule 15(b) indicate that the rule "sets forth the procedure to be followed in the event that the court grants an order for the taking of a deposition. The procedure described is similar to that in civil cases, Rules 28-31, Federal Rules of Civil Procedure." Id. adv. comm. notes 1944 adoption (citation omitted). Although in the civil context courts sometimes find periods of approximately ten days to be sufficient notice, see, e.g., Jones v. United States, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (holding eight days' notice was reasonable), what is reasonable varies depending on the facts of the case. See, e.g., In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327, 328 (N.D. Ill. 2005) (noting that although generally ten days notice "would seem reasonable," given "the context of this case, the notices were not reasonable or timely").

**III. DISCUSSION**

In this case, the Government provided Defendant with approximately ten days' notice of the Knights and Popeck depositions and six days' notice of the Baker deposition, measured from the date of Defendant's departure for Europe.[1] (Umhofer Decl. Exs. 7, 8.) Defendant argues that his counsel "cannot be adequately prepared to conduct a thorough cross-examination of

---

[1] Defendant argues in his application that he learned of the Knights deposition only on July 9, 2010, and did not learn of the Popeck and Baker depositions until July 13, 2010. However, the e-mails attached to Mr. Umhofer's declaration indicate that the Government provided notice as to both Popeck and Knights on July 9, 2010, and confirmed on July 13, 2010, that Baker's deposition would proceed as well.

4

1  Baker, Knights, and Popeck on the schedule proposed by the
2  government." (Umhofer Decl. ¶ 3.)  The Government, on the other
3  hand, argues that "each witness at issue here is relevant to one or
4  two transactions only, and will testify about their own very
5  limited actions and discussions with other witnesses." (Opp'n
6  7:21-24.)  Furthermore, the Government points out that "Defendant
7  has known the substance of the witnesses' relevant testimony for
8  two years, and has known for several months that depositions were
9  authorized by the Court and were possible." (Id. 7:24-27.)
10      Although six to ten days notice may seem like a relatively
11 short period of time, given the facts of this case the Court
12 concludes that the notice provided is reasonable.[2]  Defendant has
13 been aware of the substance of the witnesses' testimony for years
14 and has known for more than six months that all three witnesses
15 were on the Government's witness list, that they may be unavailable
16 for trial, and that the Court had authorized their depositions.
17 Accordingly, Defendant's Application is DENIED.  Nothing in this
18 ruling, however, forecloses Defendant from filing a motion to re-
19 depose the witnesses pursuant to Federal Rule of Criminal Procedure
20 15(a), should he feel the need to do so.
21 IT IS SO ORDERED.

24 Dated: July 15, 2010

                                    DEAN D. PREGERSON
                                    United States District Judge

---

[2] Obviously, what constitutes "reasonable written notice" will vary depending on the facts and circumstances of each case.