FILED
CLERK, U.S. DISTRICT COURT

SEP 14 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DREW SAVITCH LEVIN, <br><br> Defendant. | Case No. 08-CR-326 <br><br> **ORDER OF DETENTION AFTER HEARING** <br><br> [Violation of Pretrial Release] <br><br> [18 U.S.C. § 3148] |

A.

On motion of the Government involving an alleged violation of conditions of pretrial release, and a warrant for arrest,

B.

The Court finds there is:

(1)

    (A) (✓) Probable cause to believe that the defendant has committed a Federal, State, or local crime while on release and/or

    (B) (✓) Clear and convincing evidence that the defendant has violated any other condition of release; and

(2)   (A) (✓) Based on the factors set forth in 18 U.S.C. §3142(g), there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety or

| | | | |
|---|---|---|---|
| 1 | | | any other person or the community; or |
| 2 | (B) | (✓) | The defendant is unlikely to abide by any condition or combination of conditions of release. |
| 3 | | | |
| 4 | (3) | (✓) | There is probable cause to believe that, while on release, the defendant committed a Federal, State, or local felony, and the presumption that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community has not been rebutted. |

OR

| | | | |
|---|---|---|---|
| 10 | (4) | ( ) | The court finds that there are conditions of release that will assure that the defendant will not flee or pose a danger to the safety any other person or the community, and that the defendant will abide by such conditions. See separate Order setting conditions. |
| 14 | | ( ) | It is further ordered that this order is stayed for 72 hours in order to allow the Government to seek review from the assigned district judge or criminal duty district judge as appropriate. |

OR

C.

| | | |
|---|---|---|
| 19 | (✓) | IT IS ORDERED defendant be detained prior to trial. |

The Court's above legal conclusions are based upon the economic danger to the community posed by Defendant. *U.S. v. Reynolds*, 952 F.2d 192 (9th Cir. 1992). Four reasons primarily guide this Court's determination.

First, Defendant did *not* contest that probable cause existed to believe that Defendant committed a federal felony while on release. *U.S. v. Levin*, Case No. 10-MJ-322 (C.D. Cal.) (complaint for violation of 18 U.S.C. § 1343 (wire fraud)). Accordingly, a presumption resulted, albeit a rebuttable one, that Defendant posed a danger to the community and no condition, or combination of conditions, would

mitigate that risk of harm.

Second, Defendant's alleged criminal history reflects a concerning pattern and practice. One basis of the alleged pretrial violation here is a *new* wire fraud charge. The new charge concerns Defendant's solicitation of financial investors, including through a *forged* bank document. Both the existing indictment – for which Defendant is alleged to have violated a pretrial condition – and the new charge share a degree of sophistication, stealth, and subterfuge – elements which render detection of economic crimes far more remote.

Third, strong doubts exist about Mr. Levin's trustworthiness and the ability to follow any conditions of release. In this matter, a 14-count indictment for securities fraud, Mr. Levin was afforded the benefit of pretrial release. The conditions of his pretrial release included, *inter alia*, that he not "engage in public financial trading." The new offense appears to include conduct that infringes this condition, including the new allegations that Defendant made material misrepresentations (or omissions) to investors and the offering of stock to assuage (already) defrauded investors. This does not stand alone. Another condition of Defendant's pretrial release in this matter was the posting of a $2 million appearance bond secured by Defendant's home. Attendant to that condition was Defendant's "promise not to transfer or encumber" that property. Defendant, however, attempted to pledge that property as part of a litigation settlement with an evidently defrauded investor.

Fourth, while Defendant presented evidence of long ties to the community, family support, and a legitimate business in televison production (which may suffer some harm from his continued detention), Defendant failed to supply, as is his burden, a *meaningful, workable* solution to the *economic* danger posed to others. Defendant, for instance, proposed that he be prohibited from engaging in any financial transactions, or prohibited from using the Internet, or the like. But it appears that subordinates and associates have aided, and may in the future aid, Defendant's financial chicanery.

In sum, Defendant appears unlikely to comply with any condition of bond he may regard as inconvenient or inconsistent with his own agenda.

DATED: September 14, 2010 _____

HONORABLE JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE